# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 26-cr-00025-LMP-DLM |
| Plaintiff, | ) | |
| | ) | GOVERNMENT'S STATUS |
| v. | ) | REPORT RE. DISCOVERY IN |
| | ) | RESPONSE TO COURT ORDER |
| NEKIMA VALDEZ LEVY | ) | (Dkt. 571) RE. DEFENSE |
| ARMSTRONG, *et al.*, | ) | MOTIONS FOR EXTENSION OF |
| Defendants. | ) | DATE TO FILE PRE-TRIAL |
| | ) | MOTIONS |
| | ) | |

Certain defendants recently filed a motion for an extension of the deadline to file pre-trial motions (Doc. 562), which was opposed by other defendants (Docs. 565 & 566).  The Court recently granted an extension of that deadline and other pre-trial scheduling dates.  Before doing so, however, it issued a text-only minute order (Dkt. 571) directing the Government to file a status report "addressing (1) whether the Court's May 14, 2026 Order has been complied with; (2) if not, why; and (3) the timeline for any additional discovery."

In response to the Court's Order, the Government hereby submits the following report:

1

## STATUS REPORT

In many respects, this is a simple case that involves a conspiracy that commenced and was completed in a matter of days. The *core* offense conduct occurred within approximately two hours on the morning of Sunday, January 18, 2026. The primary evidence consists of: (1) text messages among various leaders and organizers planning the illegal protest operation, including a video where certain defendants videoed themselves as they cased Cities Church the day before the operation; (2) video evidence of the defendants' pre-operation briefing at a parking lot shortly before they went to the church and disrupted the worship service; (3) various video recordings of the defendants' disruptive protest operation inside the church and then afterward; (4) some 911 calls; (5) medical reports of the elbow injury suffered buy one church-goer when she fled the church through a side door; (6) a large number of reports and recordings of victim-witness interviews detailing what they observed and perceived; and (7) evidence obtained from the cellphones or social media accounts of certain defendants.

Although simple in some respects, it has nonetheless produced a large amount of data and discovery materials. In accordance with the Court's scheduling order, the Government produced a large raft of voluminous discovery materials in April 2024 and has, as of now, produced over 40,000 pages of documents and various other items. Since the first production of

discovery materials, the Government has continued to produce additional discovery materials — "rolling discovery" — as they become available (*e.g.*, reports of new, recently-conducted interviews) and other materials (*e.g.*, unsworn or rejected warrant applications, other forms of process, etc.) when they are identified as materials that should be produced, at which point they are promptly processed and produced in discovery.

Based on information and belief, the Government believes its discovery production is consistent with local practice in the District of Minnesota and in some cases exceeds it (*e.g.*, the production of agent investigative notes, irrespective of any *Giglio* issues) and is in substantial compliance with this Court's order.

The following provides a detailed accounting of the discovery that the Government has produced and the specific dates of production. After that, the Government summarizes what it believes remains outstanding:

I.    **April 24, 2026**

20,088 pages of documents, along with videos, cellphone extractions, audio files, and photos in initial discovery to all defendants and in separate defendant-specific discovery (*e.g.*, rap sheets or other PII of defendants that other defendants do not have a need to see). Contents of this discovery production included:

a.    88 audio files
b.    99 documents
c.    664 video files
d.    156 compressed or other files

e.    phone extractions for defendants:

    1)    Pineda Moreno
    2)    Bollman
    3)    Aboud
    4)    Okar
    5)    Blumenfeld
    6)    Perry
    7)    Vergin
    8)    Adamson
    9)    Cullers-Doty
    10)    Strong
    11)    Rodriquez-Bocanegra
    12)    Tier
    13)    Shaw
    14)    Levy-Armstrong
    15)    Allen
    16)    C. Michaelson

f.    33 pages of criminal history (rap sheet) reports[1]

g.    84 screenshots

h.    114 pages of Business Records

i.    56 pages of arrest warrants

j.    781 photos

k.    159 pages of handwritten agent notes

l.    45 pages of receipts for seized property and evidence

m.    288 pages of records

## II.    June 5, 2026

1,526 pages of documents regarding search and tracking warrants, including applications, issued or proposed warrants, and related orders.

---

[1]  For the record, the Government notes that most of the defendants do not have any prior convictions.

III.   **<u>June 26, 2026</u>**

17,085 pages of documents, including:

- a.   412 general documents
- b.   390 summonses
- c.   296 summons returns
- d.   218 reports
- e.   216 photos
- f.   129 subpoenas
- g.   63 records
- h.   56 interview reports
- i.   36 search warrants
- j.   30 criminal histories
- k.   24 handwritten agent notes
- l.   24 emails
- m.   20 certificates of service
- n.   14 business records
- o.   8 screenshots
- p.   4 transcripts
- q.   2 cover sheets
- r.   22 passport details

IV.   **<u>July 17, 2026</u>**

2,022 pages, including 1,011 number-stamped documents along with:

- a.   140 photos
- b.   88 reports
- c.   86 subpoena returns
- d.   86 subpoenas
- e.   72 photos of text messages
- f.   40 transcripts
- g.   40 summons returns
- h.   32 summonses
- i.   20 search warrants
- j.   20 amended search warrants

k.   18 certificates of service
l.   12 screenshots
m.   10 certificates of authenticity
n.   8 native videos
o.   6 interview reports
p.   6 vehicle reports
q.   4 complaints
r.   4 CAD abstracts
s.   2 license plate recognitions
t.   2 conditions of release
u.   2 NDO documents
v.   2 handwritten agent notes

**Other Discovery That Has Been Made Available To Defendants**

Several files too large to provide to defendants via the Disclosure Portal or USAfx remain available to defendants if they request them and provide the USAO with a physical thumb drive.  This is in accordance with the USAO's standard practice.

These 96 files contain several hours of video surveillance of the protests that have continued outside of Cities Church on Sundays for many weeks **after** the offense conduct at issue in this case.  This surveillance footage shows protestors outside the church on the following dates: March 22, 2026; April 5, 2026; April 12, 2026; April 19, 2026; May 3, 2026; May 10, 2026; May 17, 2026; and May 24, 2026.  As of July 27, 2026, only one defendant has requested this material and provided the requisite thumb drive.

## Future Discovery

The agents have continued to identify and interview additional witnesses, including victim-witnesses who were at the church.  The agents have also taken steps to identify persons who were at the pre-operation briefing but who (according to available video evidence) did not go to the church and/or participate in the disruptive protest operation inside the church.  Two such persons were interviewed **just last week**.

When new interviews are conducted and reports are prepared of those interviews, the Government has promptly produced the reports, and it will continue to do so in a prompt manner.  At this point, though, such materials relate to new, recent investigative efforts (*e.g.*, the recent interviews).

The Government is conducting or preparing to conduct searches of the cellphones or social media accounts of certain defendants.  The Government has advised counsel for those defendants.  In some instances, filter-team protocols are necessary, which slows the process, but the Government has voluntarily limited the scope of the searches to speed-up the search process and to protect the privacy interests of the affected defendants.  Once the searches are completed, the Government will promptly produce the "seized data" to all of the defendants.  Due to the focused search parameters, such "seized data" typically consists of text messages or e-mails, telephone call data, and some photos or videos, etc.

For these reasons, the Government expects that it will need to produce some additional discovery in the coming weeks, but we expect it to be quite limited in volume and scope.

DATED: July 27, 2026.                  Respectfully submitted,

DANIEL N. ROSEN                        HARMEET K. DHILLON
United States Attorney                 Assistant Attorney General

ABRAHAM KAPLAN                         ROBERT J. KEENAN
Assistant United States Attorney       Acting Dep. Asst. Attorney General

                                       NEVILLE S. HEDLEY
                                       Senior Trial Attorney


                                           /s/ Robert J. Keenan
                                       ROBERT J. KEENAN
                                          Civil Rights Division
                                          U.S. Department of Justice
                                          950 Pennsylvania Ave. NW
                                          Washington, DC 20530
                                          Telephone: (202) 230-2216
                                          E-Mail:  robert.keenan@usdoj.gov

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

8