# Exhibit 41

# Ballard Spahr
**LLP**

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

2000 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2119
TEL 612.371.3211
FAX 612.371.3207
www.ballardspahr.com

Matthew Ebert
Tel: 612.371.2418
Fax: 612.371.3207
ebertm@ballardspahr.com

June 30, 2026

Government Counsel of Record
U.S. Department of Justice

    Re:    *United States v. Georgia Ellyse Fort*, No. 26-cr-25(8) (D. Minn.)

Counsel:

On behalf of defendant Georgia Ellyse Fort, I write to bring three important matters to the government's immediate attention. This letter follows my May 26 correspondence, our May 27 meet-and-confer, our respective filings related to Ms. Fort's motion for disclosure, and the government's multiple *in camera* submissions to the Court.

***First***, more than a month ago, I identified a series of factual averments that were contradicted by the discovery produced in the case, including witness statements and video footage. We requested that you promptly review the issues we raised, including what steps the government planned to take to address those misstatements of fact with the judges to whom they were presented. During our May 27 meet-and-confer, you represented that you were making it a priority to review those concerns, including to reevaluate the government's prosecution of Ms. Fort. While the government has now conceded that it falsely attested in a series of search warrant affidavits that Ms. Fort engaged in chanting—with at least one such affidavit falsely ascribing to her specific statements—we have not received any further response concerning the material misstatements of fact about our client that appear in the superseding indictment itself, including that she (a) blocked a van, (b) blocked and intimidated the pastor, and (c) engaged in menacing or threatening behavior. We re-raised that issue for your attention in our reply brief in support of Ms. Fort's motion for disclosure, filed on June 11 (ECF 542), and yet you have provided no further update since our May 27 discussion.

In the month since, the government's case against Ms. Fort has only become more problematic. Most notably, the government's recent disclosure of the grand jury testimony of a key witness negates the government's central allegations concerning Ms. Fort contained in the superseding indictment. In light of these developments, we

renew our request that the government immediately identify the evidence upon which it relied—and continues to rely—in support of the allegations against Ms. Fort in Counts One and Two of the superseding indictment, and that it provide an update on the status of its review of the case against Ms. Fort, including its plans for addressing the falsehoods about her in the superseding indictment with the Court.

*Second*, despite the government's concession that it included material falsehoods about Ms. Fort in several sworn affidavits—and its statement that when misstatements are identified, the government "discloses *and fixes* them"—you have yet to do so with respect to Ms. Fort. In fact, on Friday, June 26, the government produced additional warrant applications that likewise contain the same demonstrably false "chanting" allegations about Ms. Fort:

- 26-mj-96-DJF (cell-site simulator for 612-718-6455);
- 26-mj-97-DJF (cell-site simulator for Georgia Fort's T-Mobile number);
- 26-mj-107-DJF (cell-site simulator for 404-694-5552);
- 26-mj-109-DJF (pen register for 612-718-6455);
- 26-mj-110-DJF (pen register for Georgia Fort's T-Mobile number);
- 26-mj-111-DJF (pen register for 404-513-9984 and 646-315-4994); and
- 26-mj-112-DJF (pen register 404-694-5552).

Thus, please confirm this week whether the magistrate judge refused to sign the warrants listed above, including the judge's basis for any such refusals (and including any written orders or docket notations). However, if the warrant applications listed above were approved, then produce the signed version of the warrants, along with all evidence obtained as a result, if the government has not already done so.

In addition, please immediately explain what the government has done to date, and will be doing and by when, to correct the growing number of false factual statements about Ms. Fort that appear throughout these (and any other) affidavits. As we made clear in our May 26 letter (and in our meet-and-confer the next day), the government has a duty of candor to the Court, which requires it to correct the record in this case and in each of the MJ cases where a judge was supplied with false and inaccurate testimony about Ms. Fort. To our knowledge, the government has taken no measures to remedy its admitted falsehoods.

*Third*, in yet another troubling development, the discovery produced on June 26 revealed that, during the pendency of this criminal investigation and prosecution, the government sought and obtained evidence through the misuse of administrative summonses issued pursuant to 19 U.S.C. § 1509. As you are aware, Section 1509 authorizes administrative summonses for customs-related investigations, such as verifying the accuracy of entries, determining unpaid duties, and enforcing the customs laws. Yet, here, the government served a § 1509 administrative summons on Ms. Fort's cellular service provider to obtain information for use in this criminal

case. Worse, that administrative summons further represented that the requested disclosure was "authorized by Title 18, United States Code, Section 2703(c)(2)," notwithstanding that Section 2703(c)(2) requires disclosure only when a governmental entity employs "an administrative subpoena authorized by a Federal or State statute or a Federal or State grand jury or trial subpoena." The legal authority permitting the government to invoke a customs administrative summons for the purpose of obtaining evidence in this criminal prosecution—and to rely on Section 2703(c)(2) in doing so—raises substantial concerns regarding the legality of the government's conduct surrounding the investigation of this case.

Given that this prosecution alleges criminal violations of the FACE Act and conspiracy against rights, not any customs-related offense, please explain the basis for using an administrative summons under 19 U.S.C. § 1509 to obtain evidence for this case and to represent that § 2703 authorized the requested disclosures. Further, please identify and explain what legal basis you relied on to use an administrative summons rather than the subpoena procedures prescribed by the Federal Rules of Criminal Procedure for obtaining evidence in a pending criminal case. Please also explain how the use of an administrative summons, which deprived Ms. Fort of the notice and opportunity to be heard afforded by a subpoena, complies with the Privacy Protection Act, 42 U.S.C. § 2000aa, the statute expressly invoked by Magistrate Judge Docherty in his rejection of the previously produced search warrant affidavits.

Finally, if the government sought or obtained a nondisclosure order pursuant to 18 U.S.C. § 2705 with respect to Ms. Fort's cellular service provider—or any other third-party possessing information concerning Ms. Fort—please produce all related materials, including any written applications or motions, any written orders granting or denying such relief, and any corresponding docket notations.

We look forward to your written response to these issues by the end of this week. If you believe a discussion would be helpful, we are available to promptly confer at your convenience.

Sincerely,

Matthew S. Ebert
Ballard Spahr LLP